Randall B. Bateman (USB 6482)
Perry S. Clegg (USB 7831)
C. Todd Kinard (USB 12575)
BATEMAN IP LAW GROUP, P.C.
8 East Broadway, Suite 550
Salt Lake City, Utah 84111
Tel: (801) 533-0320/Fax: (801) 533-0323
Email: mail@batemanip.com, rbb@batemanip.com, psc@batemanip.com; ctk@batemanip.com

Attorneys for Plaintiff,
Denmel Holdings, LLC and Melanie Reah

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DENMEL HOLDINGS, LLC, a Utah limited liability company, and MELANIE REAH, an individual<br><br>        Plaintiffs,<br><br>    vs.<br><br>MIZCO INTERNATIONAL, INC.; LINON HOME DÉCOR PRODUCTS, INC.; E&B GIFTWARE LLC, dba EB BRANDS; MERCHSOURCE, LLC; TANDY BRANDS ACCESSORIES, INC.; MELE COMPANIES, INC.; BED BATH & BEYOND INC.; TARGET CORPORATION; SEARS ROEBUCK AND CO.; MACYS.COM, INC.; OVERSTOCK.COM, INC.; WAL-MART.COM USA LLC; COSTCO WHOLESALE CORPORATION; KOHL'S DEPARTMENT STORES, INC.; SEARS HOLDING MANAGEMENT CORPORATION, dba KMART; JC PENNEY CORPORATION, INC.; TJX COMPANIES, INC.; OFFICE DEPOT, INC.; DILLARD'S, INC.; ACE HARDWARE CORPORATION; BERGMAN LUGGAGE, INC. dba SHAPIRO LUGGAGE & GIFT; BURLINGTON COAT FACTORY DIRECT CORPORATION; SHARPER IMAGE ACQUISTION LLC; THE BON-TON STORES, INC.; GENESCO, | **FIRST AMENDED COMPLAINT AND JURY DEMAND**<br><br><br>Case No. 2:09-cv-01107-CW<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Samuel Alba |

INC.; PARKE-BELL LTD., INC.; TAYLOR GIFTS, INC.; 1&1 INTERNET INC.; CYMAX STORES USA, INC.; COLORADO BAG N' BAGGAGE LLC; STACKS AND STACKS; COMPUTERGEAR.COM, INC.; EVERYTHING FURNITURE, INC.; AS SEEN ON TV GUYS.COM INC.; BLYTH, INC., dba EXPOSURESONLINE.COM; PACE COMMUNICATIONS INC., dba EXCLUSIVELYWEDDINGS.COM; 61 HOLDINGS LLC, dba JEWELRYBOXES123.COM; PROVIDE GIFTS, INC. dba REDENVELOPE; BUY.COM INC.; INTERNET VERTICAL GROUP, LLC; BONANZLE.COM; MARINA'S FINE JEWELRY, LLC, dba NYCLOSEOUT.COM; SPORTSMAN'S MARKET, INC., dba SPORTYS.COM; HABAND COMPANY, INC.; BULLSEYE MEDIA, INC., dba DUTCHGUARD.COM; LTD COMMODITIES LLC, aka ABC DISTRIBUTING; FUTURE MEMORIES, INC.; THE HILLSON GROUP, INC., dba CHIMES, ETC.; PHOENIX LEATHER GOODS LLC, dba BELTOUTLET.COM; TOOLFETCH.COM; FIND IMPORT CORPORATION, dba OPENTIP.COM; BOSCOV'S DEPARTMENT STORE, LLC; THE HERRINGTON CORPORATION, dba HERRINGTON – THE ENTHUSIASTS' CATALOG; NEILUX GROUP, INC., dba TOTALLYCELLPHONES.COM; eCOST.COM; SMARTLABS, INC.; PRINCESS INTERNATIONAL, INC.; LIPPER INTERNATIONAL, INC.; STYLE ASIA, INC.; SOUTHERN ENTERPRISES, INC.; RED STAR TRADERS, LLC and DOES 1-20

Defendants.

Plaintiffs, Denmel Holdings, LLC and Melanie Reah ("Plaintiffs" or "Denmel"), hereby

complain against Defendants, Mizco International, Inc., Mag-Nif Inc., Linon Home Décor

Products, Inc.,  E&B Giftware LLC, dba EB Brands, Merchsource, LLC, Tandy Brands

2

Accessories, Inc., Mele Companies, Inc., Bed Bath & Beyond Inc., Target Corporation, Sears

Roebuck and Co., Macys.com, Inc., Overstock.com, Inc., Wal-Mart.com USA LLC, Costco

Wholesale Corporation, Kohl's Department Stores, Inc., Sears Holding Management

Corporation, dba Kmart, JC Penney Corporation, Inc., TJX Companies, Inc., Office Depot,

Inc., Dillard's Inc., Ace Hardware Corporation, Bergman Luggage, Inc., dba Shapiro

Luggage & Gift, Burlington Coat Factory Direct Corporation, Sharper Image Acquisition

LLC, The Bon-Ton Stores, Inc., Genesco, Inc., Parke-Bell Ltd., Inc., Taylor Gifts, Inc., 1&1

Internet Inc., Cymax Stores USA, Inc., Colorado Bag 'N Baggage LLC, Computergear.com,

Inc., Everything Furniture, Inc., As Seen On TV Guys.com Inc., Blythe, Inc., dba

exposuresonline.com, Pace Communications Inc., dba exclusivelyweddings.com, 61

Holdings LLC, dba jewelryboxes123.com, Provide Gifts, Inc., dba RedEnvelope, Buy.com

Inc., Internet Vertical Group, LLC, Bonanzle.com, Marina's Fine Jewelry, LLC, dba

NYCloseout.com, Sportsman's Market, Inc., dba sportys.com, Haband Company, Inc.,

Bullseye Media, Inc., dba dutchguard.com,  LTD Commodities LLC, aka ABC Distributing,

Future Memories, Inc., The Hillson Group, Inc., dba Chimes Etc., Phoenix Leather Goods

LLC, dba beltoutlet.com, Toolfetch.com, Find Import Corporation, dba opentip.com,

Boscov's Department Store, LLC, The Herrington Corporation, dba Herrington – The

Enthusiasts' Catalog, Neilux Group, Inc., dba totallycellphones.com, eCOST.com, Smartlabs,

Inc.,  Princess International, Inc., Lipper International, Inc., Style Asia, Inc., Southern

Enterprises, Inc., Red Star Traders, LLC, and Does 1-20 (each a "Defendant" and

collectively the "Defendants"), and allege as follows:

## PARTIES

1.       Plaintiff, Melanie Reah, is an individual that resided in Amanzimtoti, South Africa.

2.       Plaintiff, Denmel Holdings, LLC, is a limited liability company organized under the laws of the State of Utah.

3.       Defendant, Mizco International, Inc., is a corporation organized and existing under the laws of the State of New York, having a business address in Avenel, New Jersey.

4.       Defendant, Mag-Nif Inc., is a corporation organized and existing under the laws of the State of Ohio, having a business address in Mentor, Ohio.

5.       Defendant, Linon Home Décor Products, Inc., is a corporation organized and existing under the laws of the State of New York, having a business address in Mineola, New York.

6.       Defendant, E&B Giftware LLC, dba EB Brands, is a limited liability company organized and existing under the laws of the State of Delaware, having a business address in Yonkers, New York.

7.       Defendant, Merchsource, LLC, is a limited liability company organized and existing under the laws of the State of California, having a business address in Foothill Ranch, California.

8.       Defendant, Tandy Brands Accessories, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a business address in Arlington, Texas.

9.        Defendant, Mele Companies, Inc., is a corporation organized and existing under the laws of the State of New York, having a business address in Utica, New York.

10.        Defendant, Bed Bath & Beyond Inc., is a corporation organized and existing under the laws of the State of New York, having a business address in Salt Lake City, Utah.

11.        Defendant, Target Corporation, is a corporation organized and existing under the laws of the State of Minnesota, having a business address in Salt Lake City, Utah.

12.        Defendant, Sears Roebuck and Co., is a corporation organized and existing under the laws of the State of Illinois, having a business address in Salt Lake City, Utah.

13.        Defendant, Macys.com, Inc., is a corporation organized and existing under the laws of the State of New York, having a business address in Cincinnati, Ohio.

14.        Defendant, Overstock.com, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a business address in Salt Lake City, Utah.

15.        Defendant, Wal-Mart.com USA LLC, is a limited liability company organized and existing under the laws of the State of California, having a business address in Bentonville, Arizona.

16.        Defendant, Costco Wholesale Corporation, is a business entity registered and existing under the laws of the State of Washington, having a business address in Salt Lake City, Utah.

17.        Defendant, Kohl's Department Stores, Inc., is a corporation organized and existing under the laws of the State of Wisconsin, having a business address in Salt Lake City, Utah.

18.     Defendant, Sears Holdings Management Corporation, dba Kmart , is a corporation organized and existing under the laws of the State of Delaware, having a business address in Salt Lake City, Utah.

19.     Defendant, JC Penney Corporation, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a business address in Salt Lake City, Utah.

20.     Defendant, The TJX Companies, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a business address in Salt Lake City, Utah.

21.     Defendant, Office Depot, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a business address in Salt Lake City, Utah.

22.     Defendant, Dillard's, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a business address in Salt Lake City, Utah.

23.     Defendant, Ace Hardware Corporation, is a corporation organized and existing under the laws of State of Delaware, having a business address in Salt Lake City, Utah.

24.     Defendant, Bergman Luggage, Inc. dba Shapiro Luggage & Gift, is a corporation organized and existing under the laws of the State of California, having a business address in Salt Lake City, Utah.

25.     Defendant, Burlington Coat Factory Direct Corporation, is a corporation organized and existing under the laws of the State of New Jersey, having a business address in Murray, Utah.

26.      Defendant, Sharper Image Acquisition LLC, is a limited liability company organized and existing under the laws of the State of Delaware, having a business address in New York, New York.

27.      Defendant, The Bon-Ton Stores, Inc., is a corporation organized and existing under the laws of the State of Pennsylvania, having a business address in York, Pennsylvania.

28.      Defendant, Genesco, Inc., is a corporation organized and existing under the laws of the State of Tennessee, having a business address in Nashville, Tennessee.

29.      Defendant, Parke-Bell Ltd., Inc., is a corporation organized and existing under the laws of the State of Indiana, having a business address in Huntingburg, Indiana.

30.      Defendant, Taylor Gifts, Inc., is a corporation organized and existing under the laws of the State of Pennsylvania, having a business address in Paoli, Pennsylvania.

31.      Defendant, 1&1 Internet Inc., is a corporation organized and existing under the laws of the State of Delaware, having a business address in Chesterbrook, Pennsylvania.

32.      Defendant, Cymax Stores USA, Inc., is a corporation organized and existing under the laws of the State of Washington, having a mailing address in Bellingham, Washington.

33.      Defendant, Colorado Bag 'N Baggage LLC, is a limited liability company organized and existing under the laws of the State of Colorado, having a business address in Denver, Colorado.

34.      Defendant, Computergear.com, Inc., is a corporation organized and existing under the laws of the State of Washington, having a business address in Kirkland, Washington.

35.     Defendant, Everything Furniture, Inc., is a corporation organized and existing under the laws of the State of California, having a business address in Riverside, California.

36.     Defendant, AS Seen On TV Guys.com Inc., is a corporation organized and existing under the laws of the State of New Jersey, having a business address in Linden, New Jersey.

37.     Defendant, Blyth, Inc., dba exposuresonline.com, is a corporation organized and existing under the laws of the State of Connecticut, having a business address in Greenwich, Connecticut.

38.     Defendant, Pace Communications Inc., dba exclusivelyweddings.com, is a corporation organized and existing under the laws of the State of North Carolina, having a business address in Greensboro, North Carolina.

39.     Defendant, 61 Holdings LLC, dba jewelryboxes123.com, is a limited liability company organized and existing under the laws of the State of California, having a business address in Santa Monica, California.

40.     On information and belief, Defendant, RedEnvelope, is a California business entity having a business address in San Diego, California.

41.     Defendant, Buy.com Inc., is a corporation organized and existing under the laws of the State of Delaware, having a business address in Aliso Viejo, California.

42.     Defendant, Internet Vertical Group, LLC, is a limited liability company organized and existing under the laws of the State of Florida, having a business address in Pembroke Pines, Florida.

8

43.     On information and belief, Defendant, Bonanzle.com, is a Washington business entity having a business address in Kirkland, Washington.

44.     Defendant, Marina's Fine Jewelry, LLC, dba NYCloseout.com, is a limited liability company organized and existing under the laws of the State of New York, having a business address in New York, New York.

45.     Defendant, Sportsman's Market, Inc., dba sportys.com, is a corporation organized and existing under the laws of the State of Ohio, having a business address in Batavia, Ohio.

46.     Defendant, Haband Company, Inc., is a corporation organized and existing under the laws of the State of New Jersey, having a business address in Oakland, New Jersey.

47.     Defendant, Bullseye Media, Inc., dba dutchguard.com, is a corporation organized and existing under the laws of the State of Missouri, having a business address in Kansas City, Missouri.

48.     Defendant, LTD Commodities LLC, aka ABC Distributing, is a limited liability company organized and existing under the laws of the State of Delaware, having a business address in Bannockburn, Illinois.

49.     Defendant, Future Memories, Inc., is a corporation organized and existing under the laws of the State of New York, having a business address in New York, New York.

50.     Defendant, The Hillson Group, Inc., dba Chimes, Etc., is a corporation organized and existing under the laws of the State of Massachusetts, having a business address in Weymouth, Massachusetts.

51.        Defendant, Phoenix Leather Goods LLC, dba beltoutlet.com, is a limited liability company organized and existing under the laws of the State of Illinois, having a business address in Naperville, Illinois.

52.        On information and belief, Defendant, Toolfetch.com, is a New York business entity having a business address in New York, New York.

53.        Defendant, Find Import Corporation, dba opentip.com, is a corporation organized and existing under the laws of the State of Massachusetts, having a business address in Cambridge, Massachusetts.

54.        Defendant, Boscov's Department Store, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, having a business address in Reading, Pennsylvania.

55.        Defendant, The Herrington Corporation, dba Herrington – The Enthusiasts' Catalog, is a corporation organized and existing under the laws of the State of New Hampshire, having a business address in Londonderry, New Hampshire.

56.        Defendant, Neilux Group, Inc., dba totallycellphones.com, is a corporation organized and existing under the laws of the State of California, having a business address in Laguna Hills, California.

57.        On information and belief, Defendant, eCOST.com, is a Texas business entity having a business address in Plano, Texas.

58.        Defendant, Smartlabs, Inc., is a corporation organized and existing under the laws of the State of California, having a business address in Irvine, California.

59.     Defendant, Princess International, Inc., is a corporation organized and existing under the laws of the State of New York, having a business address in Brooklyn, New York.

60.     Defendant, Lipper International, Inc., is a corporation organized and existing under the laws of the State of New York, having a business address in Wallingford, Connecticut.

61.     On information and belief, Defendant, Style Asia, Inc., is a corporation organized and existing under the laws of the State of New Jersey, having a business address in Moonachie, New Jersey.

62.     Defendant, Southern Enterprises, Inc., is a corporation organized and existing under the laws of the State of Texas, having a business address in Dallas, Texas.

63.     Defendant, Red Star Traders, LLC, is a limited liability company organized and existing under the laws of the State of Utah, having a business address in Salt Lake City, Utah.

64.     On information and belief, DOES 1-20 are business entities and individuals who have participated in the acts alleged herein and have infringed Plaintiffs' patent by making, using, selling, offering for sale, or importing infringing products in the United States, and/or inducing or contributing to infringement of the '542 Patent.

## JURISDICTION AND VENUE

65.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 283 – 28, among others. This Court has jurisdiction over the patent claims under 28 U.S.C. §§ 1331 and 1338(a).

66.     Venue is proper in this district by virtue of 28 U.S.C. §§ 1391 and 1400 because, on information and belief, Defendants' acts of infringement took place and are taking place

within this jurisdiction and because Defendants either reside in this District, can be found in this

District or are otherwise subject to personal jurisdiction in this District by making, using, selling,

offering for sale, or importing infringing product in this district, and/or inducing and contributing

to infringement in this district.

## GENERAL ALLEGATIONS

67.    On January 3, 2006, United States Patent No. 6,982,542 (the "'542 Patent")

entitled an "Accessory for Use with Mobile Telephones" was issued to Denis Reah, the sole

inventor named therein.  A true and correct copy of the '542 Patent is attached hereto as <u>Exhibit</u>

<u>A</u> and expressly incorporated herein.

68.    On November 9, 2009, Denis Reah passed away.

69.    Upon his death, the estate  of Denis Reah owned all right, title and interest in the

'542 Patent.

70.    On February 17, 2010 ownership of the '542 Patent was transferred from the

estate of Denis Reah to Plaintiff, Melanie Reah.

71.    Plaintiff, Denmel Holdings, LLC, is the exclusive licensee to make, use, sell,

import, or otherwise benefit from the rights granted by the '542 Patent in the United States.

72.    The subject matter of the '542 Patent relates to charging stations and/or valets

("Accessory" or "Accessories") for mobile telephones, PDAs, or other electronic devices.

73.    The scope of the claims of the '542 Patent encompass Accessories which have

structures to hold multiple mobile telephones, PDAs, or other electronic devices and their

respective charging cables.  Accessories covered by the scope of the '542 Patent include a socket

arrangement located in the Accessory for plugging in the charging cables.  The socket

arrangement located in the Accessories can then be connected to an electrical power supply to

recharge the electronic devices' batteries.

74.    The '542 Patent is valid and enforceable.

75.    Defendants have infringed and continue to infringe, directly, contributorily,

and/or through the inducement of others, by manufacturing, selling, offering for sale, and/or

importing Accessories that come within the scope of one or more claims of the '542 Patent

("Infringing Product"), or which are taught to be used in accordance with one or more claims of

the '542 patent, without authority or license from Plaintiffs.

76.    The presence of Infringing Products in the United States interferes with the ability

of Denmel Holdings, LLC to enter into the United States market for charging stations and/or

valets.

77.    On information and belief, each of the Defendants have sold or offered for sale at

least one of the Infringing Products in Utah, or placed Infringing Products in the stream of

commerce with the expectation that they would be purchased by Utah residents.

## FIRST CLAIM FOR RELIEF

### DIRECT INFRINGEMENT OF PATENT 35 U.S.C. § 271(a)

78.    Plaintiff incorporates herein each and every allegation of paragraphs 1 through 82

of this Complaint as if fully set forth herein and further allege as follows:

79.      The '542 Patent has at all times subsequent to its issue date been valid and fully enforceable.

80.      Plaintiff, Melanie Reah, is the owner of all rights, title and interest in the '542 Patent.

81.      Plaintiff, Denmel Holdings is the exclusive U.S. licensee to make, use, sell, import, or otherwise benefit from the rights granted by the '542 Patent.

82.      On information and belief, Defendant, Mizco International, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Mizco International, Inc., attached hereto as Exhibit B.

83.      On information and belief, Defendant, Mag-Nif Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Mag-Nif Inc., attached hereto as Exhibit B.

84.      On information and belief, Defendant, Linon Home Décor Products, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Linon Home Décor Products, Inc., attached hereto as Exhibit B.

85.     On information and belief, Defendant, E&B Giftware LLC, dba EB Brands, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to E&B Giftware LLC, attached hereto as Exhibit B.

86.     On information and belief, Defendant, Merchsource, LLC, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Merchsource, LLC, attached hereto as Exhibit B.

87.     On information and belief, Defendant, Tandy Brands Accessories, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Tandy Brands Accessories, Inc., attached hereto as Exhibit B.

88.     On information and belief, Defendant, Mele Companies, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Mele Companies, Inc., attached hereto as Exhibit B.

89.     On information and belief, Defendant, Bed Bath & Beyond Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Bed Bath & Beyond Inc., attached hereto as Exhibit B.

90.     On information and belief, Defendant, Target Corporation, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Target Corporation, attached hereto as Exhibit B.

91.     On information and belief, Defendant, Sears Roebuck and Co., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Sears Roebuck and Co., attached hereto as Exhibit B.

92.     On information and belief, Defendant, Macys.com, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Macys.com, Inc., attached hereto as Exhibit B.

93.     On information and belief, Defendant, Overstock.com, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Overstock.com, Inc., attached hereto as Exhibit B.

94.     On information and belief, Defendant, Wal-Mart.com USA LLC, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Wal-Mart.com USA LLC, attached hereto as Exhibit B.

95.     On information and belief, Defendant, Costco Wholesale Corporation, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Costco Wholesale Corporation, attached hereto as Exhibit B.

96.     On information and belief, Defendant, Kohl's Department Stores, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Kohl's Department Stores, Inc., attached hereto as Exhibit B.

97.      On information and belief, Defendant, Sears Holdings Management Corporation, dba Kmart , makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Sears Holdings Management Corporation, attached hereto as Exhibit B.

98.      On information and belief, Defendant, JC Penney Corporation, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to JC Penney Corporation, Inc., attached hereto as Exhibit B.

99.      On information and belief, Defendant, The TJX Companies, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to TJX Companies, Inc., attached hereto as Exhibit B.

100.      On information and belief, Defendant, Dillard's, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Dillard's, Inc., attached hereto as Exhibit B.

18

101.    On information and belief, Defendant, Office Depot, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Office Depot, Inc., attached hereto as Exhibit B.

102.    On information and belief, Defendant, Ace Hardware Corporation, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Ace Hardware Corporation, attached hereto as Exhibit B.

103.    On information and belief, Defendant, Bergman Luggage, Inc. dba Shapiro Luggage & Gift, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Bergman Luggage, Inc., attached hereto as Exhibit B.

104.    On information and belief, Defendant, Burlington Coat Factory Direct Corporation, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Burlington Coat Factory Direct Corporation, attached hereto as Exhibit B.

105.     On information and belief, Defendant, The Bon-Ton Stores, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to The Bon-Ton Stores, Inc., attached hereto as Exhibit B.

106.     On information and belief, Defendant, Genesco, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Genesco, Inc., attached hereto as Exhibit B.

107.     On information and belief, Defendant, Parke-Bell Ltd., Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Parke-Bell Ltd., Inc., attached hereto as Exhibit B.

108.     On information and belief, Defendant, Taylor Gifts, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Taylor Gifts, Inc., attached hereto as Exhibit B.

109.    On information and belief, Defendant, 1&1 Internet Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to 1&1 Internet Inc., attached hereto as Exhibit B.

110.    On information and belief, Defendant, Cymax Stores USA, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Cymax Stores USA, Inc., attached hereto as Exhibit B.

111.    On information and belief, Defendant, Colorado Bag N' Baggage LLC, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Colorado Bag N' Baggage LLC, attached hereto as Exhibit B.

112.    On information and belief, Defendant, Computergear.com, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Computergear.com, Inc., attached hereto as Exhibit B.

113.    On information and belief, Defendant, Everything Furniture, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Everything Furniture, Inc., attached hereto as Exhibit B.

114.    On information and belief, Defendant, AS Seen On TV Guys.com Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to AS Seen On TV Guys.com Inc., attached hereto as Exhibit B.

115.    On information and belief, Defendant, Blyth, Inc., dba exposuresonline.com, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Blyth, Inc., attached hereto as Exhibit B.

116.    On information and belief, Defendant, Pace Communications Inc., dba exclusivelyweddings.com, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Pace Communications Inc., attached hereto as Exhibit B.

117.    On information and belief, Defendant, 61 Holdings LLC, dba jewelryboxes123.com, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to 61 Holdings LLC, attached hereto as Exhibit B.

118.    On information and belief, Defendant, Provide Gifts, Inc. dba RedEnvelope, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to RedEnvelope, attached hereto as Exhibit B.

119.    On information and belief, Defendant, Buy.com Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Buy.com Inc., attached hereto as Exhibit B.

120.    On information and belief, Defendant, Internet Vertical Group, LLC, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Internet Vertical Group, LLC, attached hereto as Exhibit B.

121.    On information and belief, Defendant, Bonanzle.com, makes, uses, sells, offers

for sale, and/or imports Infringing Products that come within the scope of one or more claims of

the '542 Patent, including at least claim 1, by selling one or more products including products

identified in a cease and desist letter dated December 11, 2009, that was sent to Bonanzle.com,

attached hereto as Exhibit B.

122.    On information and belief, Defendant, Marina's Fine Jewelry, LLC, dba

NYCloseout.com, makes, uses, sells, offers for sale, and/or imports Infringing Products that

come within the scope of one or more claims of the '542 Patent, including at least claim 1, by

selling one or more products including products identified in a cease and desist letter dated

December 11, 2009, that was sent to Marina's Fine Jewelry, LLC, attached hereto as Exhibit B.

123.    On information and belief, Defendant, Sportsman's Market, Inc., dba sportys.com,

makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope

of one or more claims of the '542 Patent, including at least claim 1, by selling one or more

products including products identified in a cease and desist letter dated December 11, 2009, that

was sent to Sportsman's Market, Inc., attached hereto as Exhibit B.

124.    On information and belief, Defendant, Haband Company, Inc., makes, uses, sells,

offers for sale, and/or imports Infringing Products that come within the scope of one or more

claims of the '542 Patent, including at least claim 1, by selling one or more products including

products identified in a cease and desist letter dated December 11, 2009, that was sent to Haband

Company, Inc., attached hereto as Exhibit B.

125.    On information and belief, Defendant, Bullseye Media, Inc., dba dutchguard.com, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Bullseye Media, Inc., attached hereto as Exhibit B.

126.    On information and belief, Defendant, LTD Commodities LLC, aka ABC Distributing, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to LTD Commodities LLC, attached hereto as Exhibit B.

127.    On information and belief, Defendant, Future Memories, Inc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Future Memories, Inc., attached hereto as Exhibit B.

128.    On information and belief, Defendant, The Hillson Group, Inc., dba Chimes, Etc., makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to The Hillson Group, Inc., attached hereto as Exhibit B.

129.     On information and belief, Defendant, Phoenix Leather Goods LLC, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Phoenix Leather Goods LLC, attached hereto as Exhibit B.

130.     On information and belief, Defendant, Toolfetch.com, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Toolfetch.com, attached hereto as Exhibit B.

131.     On information and belief, Defendant, Find Import Corporation, dba opentip.com, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Find Import Corporation, attached hereto as Exhibit B.

132.     On information and belief, Defendant, Boscov's Department Store, LLC, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Boscov's Department Store, LLC, attached hereto as Exhibit B.

133.     On information and belief, Defendant, The Herrington Corporation, dba Herrington – The Enthusiasts' Catalog, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to The Herrington Corporation, attached hereto as Exhibit B.

134.     On information and belief, Defendant, Neilux Group, Inc., dba totallycellphones.com, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to Neilux Group, Inc., attached hereto as Exhibit B.

135.     On information and belief, Defendant, eCOST.com, makes, uses, sells, offers for sale, and/or imports Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 1, by selling one or more products including products identified in a cease and desist letter dated December 11, 2009, that was sent to eCOST.com, attached hereto as Exhibit B.

136.     On information and belief, Defendants, Smartlabs, Inc. Princess International, Inc., Lipper International, Inc., Style Asia, Inc., Southern Enterprises, Inc., and Red Star Traders, LLC, make, use, sell, offer for sale, and/or import Infringing Products that come within the scope of one or more claims of the '542 Patent, including products identified in Exhibit C.

137.     Defendants' actions have interfered with Plaintiffs' ability to enter the U.S. market for charging accessories made in accordance with the '542 patent.

138.     All making, using, selling, sale offerings, and/or importing of Infringing Products, by Defendants has been without authority or license from Plaintiffs and in violation of Plaintiffs' rights, thereby infringing the '542 Patent.

139.     The amount of money damages which Plaintiffs have suffered due to Defendants' acts of infringement cannot be determined without an accounting, but Plaintiffs are entitled to at least a reasonable royalty of $1.00 per unit or seven percent (7%) (whichever is greater) for all Infringing Products made, used, sold, offered for sale, and/or imported by Defendants.

140.     Further, harm to Plaintiffs arising from Defendants' acts of infringement is not fully compensable by money damages.  Rather, Plaintiffs have suffered, and continue to suffer, irreparable harm for which there is no adequate remedy at law and which will continue until Defendants' conduct is enjoined.

## SECOND CLAIM FOR RELIEF

## INDUCEMENT OF PATENT INFRINGEMENT 35 U.S.C. § 271(b)

141.     Plaintiffs incorporate herein each and every allegation of paragraphs 1 through 150 of this Complaint as if fully set forth herein and further allege as follows:

142.     On information and belief, Defendants have actively induced, and are now inducing others, including at least Defendants' customers, to make or use Infringing Products that come within the scope of one or more claims of the '542 Patent, including at least claim 16.

143.    On information and belief, the Defendants have induced others to make or use Infringing Products in violation of Plaintiffs' rights under the '542 Patent.

144.    On information and belief, Defendants are aware of the '542 patent and have induced infringement in deliberate disregard for the rights of Plaintiffs.

145.    On information and belief, Defendants have unlawfully derived, and continue to unlawfully derive income and profits by inducing others to infringe the '542 Patent.

146.    On information and belief, Plaintiffs have suffered and continue to suffer damages as a result of Defendants' inducement to infringe the '542 Patent.

147.    The amount of money damages which Plaintiffs have suffered due to Defendants inducing others to infringe the '542 Patent cannot be determined without an accounting, but Plaintiffs are entitled to at least a reasonable royalty of the greater of $1.00 per unit or seven percent (7%) of sales.

148.    On information and belief, Plaintiffs have suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law because of Defendants' inducement of others to make and use products that infringe the '542 Patent, and will continued to be harmed unless Defendants are enjoined from further acts of inducement.

## THIRD CLAIM FOR RELIEF

## CONTRIBUTORY PATENT INFRINGEMENT 35 U.S.C. § 271(c)

149.    Plaintiffs incorporate herein each and every allegation of paragraphs 1 through 158 of this Complaint as if fully set forth herein and further allege as follows:

150.     On information and belief, Defendants have sold, or have offered to sell within the United States, components of one or more claims of the '542 Patent which constitute a material component of the invention.

151.     On information and belief, Defendants knew that such components were especially made or adapted for use in infringing of one or more claims of the '542 Patent.

152.     On information and belief, Plaintiffs have suffered and continue to suffer damages as a result of Defendants' contributory infringement of the '542 Patent.

153.     The amount of money damages which Plaintiffs have suffered due to Defendants' contributory infringement of the '542 Patent cannot be determined without an accounting, but Plaintiffs are entitled to at least a reasonable royalty of the greater of $1.00 per unit or seven percent (7%) of sales.

154.     On information and belief, Plaintiffs have suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law because of Defendants' contribution to others who make and use products that infringe the '542 Patent, and will continue to be harmed unless Defendants are enjoined from further such acts.


**FOURTH CLAIM FOR RELIEF**

**INJUNCTIVE RELIEF 35 U.S.C. § 283**

155.     Plaintiffs incorporate herein each and every allegation of paragraphs 1 through 164 of this Complaint as if fully set forth herein and further allege as follows:

156.     As a result of Defendants' actions, Plaintiffs have suffered and will continue to suffer irreparable harm, including loss of goodwill and the loss of customers.

157.     Moreover, Defendants' actions have effectively barred Plaintiffs from entering the United States market and will continue to cause irreparable injury unless enjoined.

158.     The injury to Plaintiffs outweighs the harm an injunction may cause to Defendants.

159.     The order and injunction will not be adverse to the public interest.

160.     There is a substantial likelihood that Plaintiffs will prevail on the merits of the underlying claims, because the Infringing Products meet each element of at least one claim of the '542 patent.

## FIFTH CLAIM FOR RELIEF

## WILLFUL INFRINGEMENT 35 U.S.C. § 284

161.     Plaintiffs incorporate herein each and every allegation of paragraphs 1 through 112 of this Complaint as if fully set forth herein and further allege as follows:

162.     On information and belief, Defendants are aware of the '542 Patent and continue to make, use, sell, offer for sale, or import Infringing Products, and/or induce or contribute to infringement of the '542 Patent.

163.     On information and belief, Defendants knew or should have known their acts infringed the '542 Patent.

164.     On information and belief, Defendants have disregarded Plaintiffs' rights in the '542 Patent and continue to make, use, sell, offer for sale, and/or import Infringing Products,

and/or induce or contribute to others making or using Infringing Products without authority or license from Plaintiffs.

165.    Defendants' willful infringement of the '542 Patent makes this an exceptional case, entitling Plaintiffs to receive treble damages and its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Reah prays for an Order, Judgment, and Injunction as follows:

A.    On each of the Claims for Relief, for a judgment in favor of Reah and against Defendants, including an award of damages and injunctive relief as determined at trial or by the Court, including punitive or other exemplary damages, along with additional interest, costs, and attorney fees.

B.    Judgment that United States Patent No. 6,982,542 is valid and infringed by Defendants, and

i.    For damages for patent infringement in an amount to be determined at trial, such damages being not less than a reasonable royalty of the greater of $1.00 per unit or seven percent (7%);

ii.    A finding that Defendants acted willfully in its infringement of the '542 Patent and for an award of treble damages pursuant to 35 U.S.C. § 284;

iii.    That Defendants, their agents, servants, employees, directors, and those persons in active concert or participation with them, individually and/or jointly, be enjoined under 35 U.S.C. § 283 from further violation of Plaintiffs' patent rights or such terms as the Court deems

reasonable, including, without limitation, that Defendants cease making, selling, offering for sell, or distributing, the Infringing Goods and any other products which infringe the '542 Patent;

      iv.    That Defendants be ordered to file with this Court and serve on Plaintiffs within thirty (30) days after service on Defendants of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and order of the Court;

      v.    That Defendants be ordered to pay Plaintiffs' attorneys' fees and costs and disbursements for this action under 35 U.S.C. § 285; and

      vi.    That Defendants be required to pay pre-judgment and post-judgment interest until such awards are paid.

C.      That Defendants cease using all marketing or advertising materials reflecting the Infringing Goods.

D.      That Defendants destroy all materials using or containing the Infringing Goods and all advertisements in their possession or control.

E.      That Defendants recall all labels, signs, prints, packages, advertisements, promotional and/or marketing materials that reflect the Infringing Goods.

F.      That Defendants shall notify all affiliates which market or sell the Infringing Goods of this Court's order.

G.      That Defendants place a corrective statement in each venue, and through each form of media, where Defendants made or promulgated advertisements reflecting the Infringing Goods.

H.      That Defendants provide a copy of the Order of this Court to all consumers identified through reasonable efforts who received Infringing Goods.

I.      That Defendants are prohibited from continuing the unlawful conduct as set forth above in this Complaint.

J.      That Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert of participation with them, who receive actual notice of the Court's injunction by personal service or otherwise, be first preliminarily, and thereafter permanently, enjoined and restrained, as requested above.

K.      That Defendants be adjudged jointly and severally liable for the damages Plaintiffs have sustained as a result of Defendants' actions.

L.      Plaintiffs further pray for all other damages to which it is entitled for any of their claims, including without limitation actual damages, exemplary damages, consequential damages, incidental damages, punitive damages, lost profits, and damages for intangible injuries as this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand a jury by trial on all claims for relief and all issues so triable.

DATED: March 8, 2010.


By:   /Randall B. Bateman
          Randall B. Bateman

          *Attorneys for Plaintiffs*
          Denmel Holdings LLC and Melanie Reah

34